IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| MELISSA HERN CARPENTER, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v. ) | Case No. 3:25-cv-00226 |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Defendant.* ) | |

I.

**ORIGINAL COMPLAINT FOR DAMAGES
UNDER THE FEDERAL TORT CLAIMS ACT**

COMES NOW the plaintiff, Melissa Hern Carpenter and for her cause of action against the Defendant, states as follows:

**JURISDICTION, PARTIES, VENUE AND CONDITIONS PRECEDENT**

1. Plaintiff Melissa Hern Carpenter (herein also also referred to as "Carpenter" or "Plaintiff") is a mother of **five** children[1] and includes the plural derivative claims of her child and family herewith currently residing at 5365 Longwood Road, Huntington, West Virginia 25705 and a resident of the Southern District of West Virginia.

2. Defendant Aaron Scaife, M.D. was an employee of Valley Health Systems, Inc. dba "Valley Health" a non-profit public health service provider funded under Section 330 of the Public Health Service Act at 42 U.S.C § 254b as an agent and under the scope and authority of the of the United States of America.

---

[1] Child#5- DOB            ; Child#4 DOB            ; Child#3 DOB            ; Child#2 DOB            ; Child#1 DOB            .

3. At all times relevant Plaintiff was a patient of Aaron Scaife, M.D. and Valley Health.

4. The Defendant the United States of America, through the U.S. Department of Health and Human Services, at all times alleged herein is the federal governing body responsible for controlling, supervising, and managing the business affairs of its public health care provider, Aaron Scaife, M.D. Included within the duties and responsibilities of the U.S. Department of Health and Human Services is the oversight and supervision of its employee/agent physicians, including Dr. Scaife. Moreover, Aaron Scaife, M.D., was an employee of the Defendant the United States of America (sometimes referred to as "USA"), through the U.S. Department of Health and Human Services, acting within the course and scope of his employment with the USA Health and Human Services, acting within the course and scope of his employment with the USA at times alleged here. As such, Defendant USA is responsible for any negligent acts or omissions of its employee, Aaron Scaife, M.D. and Valley Health, alleged herein.

5. The Federal Tort Claims Act, 28 U.S.C.S. §1346(b) and §§2671-2680 provides an action for medical malpractice against Public Health Service employees may be filed against the United States of America once all administrative remedies have been exhausted. The Plaintiff has exhausted all administrative remedies.

6. Defendant was responsible for providing safe medical treatment to Melissa Hern Carpenter in compliance with the standard of care.

7. Defendant and its employees failed to follow the basic patient safety standards of care in the treatment Aaron Scaife provided to Melissa Hern Carpenter.

8. Defendant and its employees knew failing to follow basic patient safety standards of care would cause Melissa Hern Carpenter's foreseeable harm as well as permanent and disabling injuries to Plaintiff and her unborn child, XXXX XXX XXXXXXXX.

9. Melissa Hern Carpenter became a patient of Dr. Aaron Scaife due to coverage changes that necessitated her to change OBGYN providers to Valley Health where she began seeing Dr. Scaife for the first time on 11/13/2017.

## II.
## EVENTS FORMING THE BASIS OF THE CLAIMS AND EQUITABLE TOLLING

10. Plaintiff reasserts the allegations set forth in Paragraphs 1 through 9 of this Complaint as if fully set forth herein.

11. Patient/Claimant Melissa Hern Carpenter exhausted her administrative remedies with United States Department of Health and Human Services ("DHHS") when she presented her claim on August 23, 2022 which was subsequently denied on 11/22/2023; Plaintiff filed a Reconsideration received by DHHS on May 18, 2024 that was finally denied on 10/10/2024. Claimant now files her Claim for Damages under the Federal Tort Claims Act within six (6) months of such Final Denial. Claimant makes her Claim for Damages and filing her notice of claim with the U.S. DHHS beyond two (2) years after giving birth to her unplanned child under the doctrine of Equitable Tolling as she had no idea that Aaron Scaife, M.D. had committed any acts of malpractice by failing to follow the Standards of Care for Obstetricians.[2]

12. Plaintiff Melissa Hern Carpenter began OBGYN care with Aaron Scaife in November of 2017 and he provided care during the pregnancy of her fourth child

---

[2] Failing to inform and obtain consent for the implantation of

on                . She was experiencing a blood clotting platelet disorder at the time that would soon after be diagnosed as ITP[3] which made child bearing potentially life threatening.

13. Plaintiff requested Defendant Aaron Scaife, M.D. perform a sterilization procedure as a result of the dangers posed by her condition as well as the fact that she and her now ex-husband, Brandon Carpenter were finished having children. In fact, Brandon Carpenter told Scaife just prior to leaving the hospital with          that they weren't leaving there without her tubes being tied. Scaife replied that 'insurance wouldn't cover the procedure until after six (6) weeks after the delivery' and Scaife also claimed no OR rooms were available for the procedure.

### III.
### COUNT I- DEFENDANTS VIOLATED THE STANDARDS OF CARE

14. Plaintiff reasserts the allegations set forth in Paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. Plaintiff experienced pain and heavy vaginal bleeding during the weeks after       's birth and on 10/02/2019 Defendant Aaron Scaife, M.D. scheduled plaintiff for a laparoscopic tubal ligation with endometrial ablation with Novasure.

16. Defendant Scaife performed the laparoscopic tubal ligation by attempting to crimp the fallopian tubes with clamps known as Filshie Clips which have an abnormally high failure rate and pose a significant risk of harm to the plaintiff due to high likelihood of migration and vascular injury. The use of this particular implantable sterilization device was not discussed at any time with the plaintiff prior to the procedure. Plaintiff was of the understanding that her fallopian tubes would be burnt and tied closed from conversations she had with Scaife.

---

[3] Idiopathic Thrombocytopenia Purpura (ITP) – Idiopathic Thrombocytopenia Purpura (ITP) is an illness that can lead to bruising and bleeding Idiopathic thrombocytopenic purpura is a blood disorder characterized by an abnormal decrease in the number of platelets where the body produces antibodies that attack and destroy platelets, which are essential for blood clotting.

17. Defendant Aaron Scaife, M.D. as Plaintiff's OBGYN owed her a duty to practice medicine within the Standard of Care for safety and competent care. Defendant breached that duty by failing to disclose and obtain informed consent to implant a pregnancy control device aka "Filshie Clips" inside Claimant without her knowledge and actively concealed such critical medical information as long as he continued to treat her as his patient.

18. Defendant Scaife exposed claimant to unreasonable risk of harm and death by performing a radiofrequency type ablation that should have never been used on such a patient which caused injury. This along with failing to advise or to prescribe birth control to prevent high risk pregnancy following endometrial ablation was a serious breach of the standard of medical care and the failures to obtain consent and disclose such information resulted in injury to the Claimant (i.e. becoming pregnant) and subsequently caused harmed to her child. The resultant breach caused the premature birth resulting in NICU intensive care for 52 days following birth. The lack of prenatal care including folic acid and other vitamins caused her baby to be significantly premature and of low birth weight placing her in tremendous danger of a lifetime of medical, developmental and quality of life difficulties and expenses.

19. After giving birth to her unplanned child, XXXX Carpenter on at 28 weeks, plaintiff remained with her child each day in the neonatal ICU at Cabell Huntington Hospital.

20. Plaintiff continued to seek treatment and made requests for answers to her providers and Dr. Scaife during the heighten isolation and hindrances of the COVID-19 pandemic.

21. Plaintiff specifically questioned Scaife with how this 'could happen after her tubes had been tied and burned', his reply was "sometimes in life things just happen". Plaintiff diligently pursued her rights by seeking answers to such questions. Plaintiff simply demanded to

know "what she still had inside of her" and asked whether she continued to risk getting pregnant again.

22. On 01/18/2021, the last time Plaintiff would see Scaife in person, Plaintiff once again posed those questions to him face to face –Dr. Scaife had no answers and promised to get back to her.

23. Plaintiff continued treating with Scaife and continued to have pelvic pain and her many questions still remained unanswered, causing her to insist on more imaging such as an ultrasound. Scaife would order the ultrasound she demanded on 02/24/2021. The images revealed an ovarian cyst which confirmed that she still had ovaries however, no mention of retained fallopian tubes or the presence of "Filshie Clips" [as she remained unaware of their use/presence].

24. On November 27, 2021, Plaintiff presented to the emergency department with severe pelvic pain. An abdominal and pelvic CT scan, along with a pelvic ultrasound, was performed. Imaging revealed a large ovarian cyst. Plaintiff was advised to follow-up with her OBGYN for further evaluation and management.

25. Plaintiff called to schedule an appointment with Scaife on 12/06/2021 for follow-up care. At that time, she was informed by Valley Health staff that Dr. Scaife was no longer at the practice and was no longer seeing patients there, they regretfully had no forwarding information or details regarding his whereabouts. Plaintiff was told "*we have no idea where he has gone, but as of today he is no longer employed here*". Dr. Aaron Scaife had left the practice with no forwarding information significantly hindering claimant's diligent pursuit of her rights to her health and timely management of her legal interests. Scaife's unexplained departure and lack of forwarding contact information, clearly constituted an 'extraordinary' interference that stood in the way of such diligent pursuits.

26. Plaintiff reasserts and incorporates the allegations set forth above in plaintiff's allegations that he failed to inform Melissa Hern Carpenter of unsatisfactory outcome of her tubal ligation and ablation procedures performed during laparoscopic surgery.

27. Medical standards of care required Dr. Scaife to utilize surgery and proper ablation procedure techniques and undertake safety precautions to ensure Melissa Hern Carpenter's uterine wall was not damaged during surgery.

28. Surgical and ablation standards of care required Dr. Scaife to examine Melissa Hern Carpenter's uterus, fallopian tubes and ovaries to make sure it was safe to end surgery as intended and nothing like the plan as discussed with the patient.

29. A standard of care examination of Melissa Hern Carpenter's uterus, cervix, fallopian tubes and ovaries before surgery was ended would have revealed the laparoscopic surgery was not safe as intended and nothing like the plan as discussed with the patient.

30. If Dr. Scaife had ensured proper preoperative preparation and identified Filshie Clips were incorrectly placed before surgery was ended, a surgeon could have immediately corrected the error and properly advised the plaintiff avoiding the unexpected outcome and damages.

31. All of the complications and permanent and disabling injuries suffered by Melissa Hern Carpenter were foreseeable by Dr. Scaife as a result of his failure to follow basic patient safety standards of care and were thus preventable.

32. Dr. Scaife knew the standard of care required him to fully, honestly, and adequately discuss and formulate a plan of care with Melissa Hern Carpenter and obtain her

informed consent to the plan and to the laparoscopic surgery that included Novasure Ablation and a tubal ligation.

33. Dr. Scaife knew failing to follow basic patient standards of care in obtaining informed consent from Melissa Hern Carpenter violated her patient rights.

34. Dr. Scaife failed to engage Melissa Hern Carpenter in full, honest, and adequate discussions to formulate a plan of care and obtain her informed consent to surgery and the plan of care. I.E. Plaintiff was not informed that she needed to be on oral contraceptives for birth control after the ablation due to the risks to her health and/or a fetus in the event of a pregnancy.

35. As a result of Dr. Scaife's failure to follow the standard of care in obtaining informed consent from Melissa Hern Carpenter, her patient rights were violated, and no effective informed consent to surgery or a safe plan of care was properly obtained.

36. The United States of America is responsible and liable for Dr. Scaife's negligent acts and omissions committed while treating Melissa Hern Carpenter.

37. Defendant United States of America deviated from the appropriate standards of care by performing laparoscopic surgery, improper ablation and undisclosed implantation of Filshie Clips by failing to inform the patient of the surgical implantation of foreign products without consent; failing to implement precautions and safe surgical techniques to prevent damage to the lining of the uterus during ablation, failure to properly place sterilization clamps known as Filshie Clips, failing to inspect the uterus and structures to ensure placement, and failing to obtain informed consent regarding the surgery and the plan of care; among other deviations from the appropriate standards of care.

38. As a direct and proximate result of Defendant United States of America 's negligence and deviations from the appropriate standards of care as set forth above, Melissa Hern

Carpenter suffered permanent and substantial physical deformity, loss of sterilization, injury and unplanned pregnancy, injury to her child with prolonged hospitalization, recuperation, and wound healing, need for future surgeries. She and her child have and will incur past and future medical treatment and life care needs, and disabling injuries preventing viable sustained employment That mental anguish and embarrassment is ongoing and will continue in the future. Accordingly, Plaintiff seeks all damages allowed by West Virginia law and the Federal Tort Claims Act.

39. Alternatively, Defendant United States of America's failure to follow the accepted standards of care increased the risk of harm to Melissa Hern Carpenter, which was a substantial factor in bringing about her injuries and her child's injuries. If Defendant had followed the accepted standards of care, such compliance with the accepted standards of care would have had the desired result as discussed with Dr. Scaife prior to surgery.

40. As a direct and proximate result of the negligence, and deviations from the appropriate standards of care set forth above, Plaintiff's children and family have been deprived of the society and consortium of Melissa Hern Carpenter. Melissa Hern Carpenter has also provided substantial caretaking for XXX XXXX (*minor child*) because of the permanent injuries and disability she was caused to suffer. Accordingly, Plaintiffs seek all damages allowed by West Virginia law and the Federal Tort Claims Act.

**IV.**
**COUNT II- VICARIOUS LIABILITY, RESPONDEAT SUPERIOR, OSTENSIBLE AGENCY AND/OR AGENCY**

41. Plaintiff incorporates, re-alleges and reasserts the allegations set forth in Paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42. At all relevant times to this case the medical providers, employee agents and staff were employed by and/or acting on behalf of the Defendant.

43. At all relevant times to this Complaint the medical providers, employee agents and staff were employed by and/or acting on behalf of the Defendant.

44. The medical providers, including Aaron Scaife, M.D., the employees, agents and staff acted within their respective capacities and scopes of employment for the Defendant.

45. The medical providers, including Aaron Scaife, M.D., the employees, agents and staff negligently and/or recklessly, directly and proximately caused personal injury to Plaintiff, including both acts of omission and acts of commission.

46. As a direct and proximate result of Defendant's negligence, Plaintiff and her child, sustained serious and permanent personal injuries in and about the body; incurred medical expenses and other damages, and will continue to incur medical expenses, and other damages in the future; she and her child will continue to endure pain, suffering, and mental anguish in the future; she and her child will suffer a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and she and her child will suffer lost and/or reduced earnings/wages that will continue in the future.

47. The acts and/or omissions set forth above would constitute a claim under the law of the State of West Virginia.

48. The Defendant is liable pursuant to 28 U.S.C. 1346(b)(1).

## V.
## DAMAGES

1. Plaintiffs have suffered the following injuries for which the following is sought in full compensation under the law:

   a. Costs incurred in ;
   b. Damages/medical costs & travel;
   c. Past medical expenses and travel costs incurred;
   d. Emotional Distress;

  e. Compensation for the support necessary for the treatment, care and travel of an unplanned special needs child
  f. Compensation for the support necessary for the education and training needs of an unplanned special needs child
  g. Compensation for a lifetime of support for the medical care and special training needs of an unplanned special needs child
  h. Compensation the lifetime support of a special needs child for food, shelter, clothing and housing;
  i. Loss of family consortium;

## **PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs, Melissa Hern Carpenter, her child and her family, is entitled to damages from the United States, and does hereby pray that judgment be entered in her and their favor and against the United States government as follows:

1. Past medical expenses and travel costs incurred;
2. Emotional Distress;
3. Compensation for the support necessary for the treatment, care and travel of an unplanned special needs child
4. Compensation for the support necessary for the education and training needs of an unplanned special needs child
5. Compensation for a lifetime of support for the medical care and special training needs of an unplanned special needs child
6. Compensation the lifetime support of a special needs child for food, shelter, clothing and housing;

Plaintiffs are further entitled to recover the above compensation totaling $10,000,000 and does hereby seek additional recovery of all costs and attorney's fees incurred by Plaintiffs in this civil action, together with such further and additional relief at law or in equity that this Court may deem appropriate or proper under the laws of the State of West Virginia and the laws of the United States of America.

                Respectfully submitted,
                By:

                *s/Timothy L. Eves*
                Timothy L. Eves, (W.Va. Bar #8541)
                Eves Law Firm, PLLC
                5348 US Route 60
                Huntington, WV 25705
                Tel. (304) 736-9999
                Teves@eveslawfirm.com

                Counsel for Plaintiff

Melissa Hern Carpenter

## VERIFICATION

STATE OF WEST VIRGINIA

COUNTY OF CABELL, TO-WIT:

Melissa Hern Carpenter, upon her oath, says that he is the Plaintiff in the foregoing Complaint for Damages against the United States of America under the Federal Tort Claims Act upon her oath says that the facts and statements therein are true, to the best of her knowledge and belief based upon the information provided her by her senses, recollections, and information otherwise available to her regarding the same.

By: _____
Melissa Hern Carpenter

Taken, subscribed and sworn to before me in my said County and State this the __4th__ day of __April__, 2025.

My commission expires:

_____
Notary Public

OFFICIAL SEAL NOTARY PUBLIC
STATE OF WEST VIRGINIA
Timothy Eves
Eves Law Firm
5348 U.S. Route 60 E
Huntington WV 25705
My Commission Expires May 13, 2027