IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

MELISSA HERN CARPENTER,

        Plaintiff,

v.                                                      CIVIL ACTION NO. 3:25-0226

UNITED STATES OF AMERICA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant United States of America's Motion to Dismiss Plaintiff Melissa Carpenter's Amended Complaint (ECF No. 9). ECF No. 13. For the reasons stated below, the Court **GRANTS** the defendant's motion.

**I. BACKGROUND**

Plaintiff initiated the present action on April 7, 2025. *Compl.*, ECF No. 1. The action arises out of a claim of medical malpractice under the Federal Tort Claim Act, 28 U.S.C. §§ 2671-2680, 1346(b). *Am. Compl.* ¶ 5, ECF No. 4 (under seal). Plaintiff alleges that OBGYN, Dr. Aaron Scaife, employed at Valley Health Systems, Inc., a non-profit public health service provider, was an agent of the United States who acted below the applicable standard of care, resulting in serious, permanent injuries to herself and her child. *Id.* ¶¶ 2, 46.

Plaintiff filed an amended complaint on July 6, 2025, just before service of process was originally due. *Am. Compl.* On October 8, 2025, the Court directed Plaintiff to demonstrate good cause for failure to serve the defendant. *Order*, ECF No. 5. On October 17, 2025, Plaintiff satisfied

such request, resulting in the Court extending the service deadline to December 19, 2025. *Pl.'s Resp.*, ECF No. 6; *Order*, ECF No. 7. [1]

On December 17, 2025, Plaintiff first submitted summons which was issued by the Clerk on the same day. *Summons Submitted*, ECF No. 10; *Electronic Summons Issued*, ECF No. 11. The next day, the Court emailed Plaintiff's counsel admonishing him for his lack of diligence in submitting a timely summons and notifying him that unless a return of service was filed by December 19, 2025, a motion to extend the service deadline must be filed. Neither a return of service nor a motion to extend the service deadline was filed by that date. In result, on December 29, 2025, the Court directed Plaintiff to demonstrate good cause by January 6, 2026, for not serving the defendant with process. *Order* 1, ECF No. 12. The Court specified that "[f]ailure to respond to this notice or an insufficient showing of good cause will result in dismissal of this case without prejudice." *Id.*

On December 31, 2025, the defendant filed the present Motion to Dismiss Plaintiff's Amended Complaint for Plaintiff's insufficient process and service of process under Federal Rules of Civil Procedure 4, 12(b)(4), and 12(b)(5). *Def.'s Mot. to Dismiss Am. Compl.* 1, ECF No. 13.

The Court ordered Plaintiff to respond to Defendant's Motion to Dismiss by January 6, 2026, the same previously established deadline for Plaintiff to demonstrate good cause for failure to serve the defendant. *Order*, ECF No. 15. Plaintiff did not respond to Defendant's Motion to Dismiss nor the Court's Order to demonstrate good cause. Instead, on January 6, 2026, Plaintiff filed returns of service for the Huntington and Charleston Offices of the U.S. Attorney

---

[1] In the Court's Order extending the deadline for service, the Court also directed Plaintiff to file a redacted version of the amended complaint by October 28, 2025, to protect sensitive information. *Order*, ECF No. 7. The redacted version was filed on October 29, 2025. *Am. Compl. (Redacted)*, ECF No. 9.

for the Southern District of West Virginia. *Summons Returned Executed*, ECF No. 16. Defendant submitted a supplement to its motion on January 7, 2026. *Def.'s Suppl.*, ECF No. 17.

## II. STANDARD OF REVIEW

Rule 12(b)(4) of the Federal Rules of Civil Procedure permits a party to move for dismissal based on insufficient process. Rule 12(b)(5) of the Federal Rules of Civil Procedure permits a party to move for dismissal where service of process is insufficient. The burden of proving adequate service rests with the plaintiff once a motion to dismiss for insufficient service of process has been filed under Rule 12(b)(5). *Scott v. Maryland State Dep't of Lab.*, 673 F.App'x 299, 304 (4th Cir. 2016) (citing *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010)).

Rule 4 of the Federal Rules of Civil Procedure contains the requirements for service. To serve the United States, a party must send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States and deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1).

Rule 4(m) requires that service of process occurs within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If service is not made within 90 days, the suit must be dismissed without prejudice. *Id.* However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause" in the context of Rule 4(m) "requires some showing of diligence on the part of the plaintiffs . . . [and] generally exists when the failure of service is due to external factors, such as the defendant's intentional evasion of service." *Attkisson v. Holder*, 925 F.3d 606, 627 (4th Cir. 2019).

The Fourth Circuit has made clear that, although good cause necessitates an extension of the service period, "a district court possesses discretion to grant the plaintiff an extension of time

to serve a defendant . . . even absent a showing of good cause by the plaintiff for failing to serve the defendant during the 90-day period provided by the Rule." *Gelin v. Shuman*, 35 F.4th 212, 220 (4th Cir. 2022).

### III. DISCUSSION

Defendant argues Plaintiff failed to serve the United States in accordance with Rule 4(i) of the Federal Rules of Civil Procedure. *Mem. of L. in Supp. of Def.'s Mot. to Dismiss Am. Compl.* 4, ECF No. 14. As previously stated, to serve the United States under Rule 4(i), a party must send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States and deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought. Fed. R. Civ. P. 4(i)(1).

The Huntington and Charleston Offices of the U.S. Attorney for the Southern District of West Virginia were served with process on December 18, 2025. *Summons Returned Executed* 2, 4. As Defendant notes, such documentation incorrectly lists the Civil Process Clerk of the Charleston Office on the Huntington Office summons and the Civil Process Clerk of the Huntington Office on the Charleston Office summons. *Id*; *Def.'s Suppl.* n.1, ECF No. 17. The Fourth Circuit Court of Appeals has recognized that "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). However, the Fourth Circuit further indicated that "rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.*

The burden of proving adequate service rests with the plaintiff once a motion to dismiss for insufficient service of process has been filed under Rule 12(b)(5), and Plaintiff has not fulfilled such burden. As Defendant notes, to date, Plaintiff has not provided evidence of service upon the

Attorney General of the United States. *Def.'s Suppl.* 2. Service was not proven by affidavit as required by Rule 4(l) and was not perfected within the extended service deadline.[2] Even permitting Plaintiff to amend proof of service, in accordance with Fed. R. Civ. P. 4(l)(3), would likely be futile given that, according to Defendant's records, the Attorney General was not served via certified mail until December 22, 2025, after the extended service deadline of December 19, 2025. *Def.'s Suppl.* 2.

Briefly considering whether there may be an argument for good cause, the Court has no reason to believe the delay was outside Plaintiff's control nor that Defendant was evasive. While some progress was made in serving the U.S. Attorney for the Southern District of West Virginia, Plaintiff was not diligent in effectuating service of process considering summonses were only submitted on December 17, 2025. *See* ECF No. 10. Plaintiff has neither requested an additional extension of time nor put forth any arguments to warrant such relief, even after the Court requested that she do so.

While the Federal Rules of Civil Procedure provide circumstances involving serving the government that warrant leniency, this is not one of them.[3] Plaintiff failed to properly serve the United States after multiple extensions of the service deadline. Plaintiff has not responded to

---

[2] As the Federal Rules indicate, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service," and the "court may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

[3] The Federal Rules provide for an extension of reasonable time to permit a party to cure a failure to:
> (A) serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
> (B) serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4 (i)(4). However, service in this circumstance falls under Rule 4(i)(1).

Defendant's Motion to Dismiss, nor has she complied with the Court's Order to show cause. The Court's Order clearly indicated that, "[f]ailure to respond to this notice or an insufficient showing of good cause will result in dismissal of this case without prejudice." *Order* 1, ECF No. 12. Such result is warranted given Plaintiff's inability to comply with Court orders and the Federal Rules of Civil Procedure.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, the Court **GRANTS** the defendant's Motion to Dismiss Plaintiff's Amended Complaint without Prejudice. ECF No. 13. The Court **DISMISSES** this action without prejudice.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:   January 27, 2026

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE